# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**GERALD CAMMACK, JR.**                                                                 **PLAINTIFF**

**VERSUS**                    **CIVIL ACTION NO.: 5:23-cv-00035-DCB-BWR**

**JAMES BRUMFIELD, et al.**                                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

On May 3, 2023, *pro se* Plaintiff Gerald Cammack, Jr., filed this Complaint under 42 U.S.C. § 1983, alleging that Defendants James Brumfield, Jewel Simmons, Herbert Young, and Richard Bynum are liable for maintaining unconstitutional conditions of confinement at the Pike County Jail in Magnolia, Mississippi. Compl. [1] at 4-5. On October 25, 2023, the Court set this matter for a screening hearing on March 13, 2024, in Natchez, Mississippi. Order [16]. The Order Setting Omnibus Hearing, along with the Notice of Hearing, was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable.

On December 18, 2023, Plaintiff notified the Court that he had been relocated to the Hancock County Adult Detention Center ("HCADC") in Bay St. Louis, Mississippi. Notice [19] at 1. On February 21, 2024, the Court issued an amended writ of habeas corpus *ad testificandum* to the Warden at HCADC, directing that Plaintiff be transported to Natchez to appear at the screening hearing on March 13. Order [24]. On March 7, 2024, the Court contacted HCADC to confirm Plaintiff's transportation to the screening hearing. At that time, the undersigned learned that Plaintiff had been transferred back to the Pike County Jail and was released from

custody on February 28, 2024. Mail returned to the Court as undeliverable on March 14, 2024, confirmed that Plaintiff was "released." Envelope [32] at 1.

Plaintiff has not notified the Court about another change of address, despite being warned multiple times that it is his responsibility to provide the Clerk of Court with his current address. *E.g.*, Order [3] at 2; Order Setting Payment Schedule [5] at 2; Order Requiring Plaintiff to Respond [6] at 2-3; Order [8] at 2-3; Order Setting Omnibus Hearing [16] at 3; Order of Referral [18] at 1.

On March 13, 2024, the Court came to order at the appointed time and in the appointed location and announced Plaintiff's case. Plaintiff's name was called inside the courtroom three times without a response. Plaintiff's name was then called in the hallway outside the courtroom three times, again without a response. Court security personnel confirmed that Plaintiff had not passed through the security checkpoint at the courthouse to enter the building. Based on Plaintiff's failure to appear at the screening hearing, for which he received notice, and his failure to keep the Court apprised of his current address, the undersigned finds that Plaintiff no longer demonstrates interest in prosecuting his claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff Gerald Cammack, Jr.'s Complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. L.U.Civ.R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

**SIGNED,** this 15th day of March, 2024.

                                                  s/ *Bradley W. Rath*
                                                  BRADLEY W. RATH
                                                  UNITED STATES MAGISTRATE JUDGE